IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STAFFORD LYDELLO CHAMBER**                                **PETITIONER**

v.                            CIVIL ACTION NO. 3:22-cv-00075-KHJ-BWR

**DONALD JACKSON**
*Warden of East Mississippi Correctional Facility*                    **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Stafford Lydello Chamber.[1] The Petition challenges Chamber's 2019 guilty plea and sentence for uttering forgery in the Circuit Court of Madison County, Mississippi. Respondent, Warden Donald Jackson, has filed a Motion to Dismiss [22], asserting that Chamber's Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Chamber was ordered to respond to the Motion to Dismiss but did not. Having considered the submission of Respondent, the record, and relevant law, the undersigned concludes that Chamber's Petition is time barred, Respondent's Motion to Dismiss [22] should be granted, and the Petition dismissed with prejudice.

### I. BACKGROUND

Chamber is currently housed in the custody of the Mississippi Department of Corrections (MDOC). This Court received his Petition [1] on February 15, 2022, but it was not signed. After being ordered to do so, Plaintiff returned a signed copy of the

---

[1] Respondent advises that while Petitioner lists his last name as "Chamber" in the Petition, correctional records and court records reflect that Petitioner's last name is "Chambers."

1

signature page [9] on April 1, 2022. The Petition [1] challenged judgments of convictions and sentences from three separate Mississippi state courts, the Circuit Court of Madison County, the Circuit Court of Rankin County, and the Circuit Court of Hinds County.

The district judge directed the Clerk of Court to open new civil actions for Chamber to pursue his claims concerning the Rankin County and Hinds County judgments, and this is the civil action for him to pursue his claims concerning the Madison County judgment. [10] at 1-2. Chamber was ordered to file amended petitions, one for each court of conviction. [12] at 1-2. He filed an Amended Petition [13] here. As an aside, the civil actions challenging Chamber's Hinds County and Rankin County judgments were dismissed without prejudice for Chamber's failure to prosecute and obey Court Orders. *See Chamber v. Jackson,* Civil Action No. 3:22-cv-210-HTW-BWR (S.D. Miss. Mar. 13, 2023) (challenge to Hinds County conviction); *Chamber v. Miss. Dep't of Corr.*, Civil Action No. 3:22-cv-209-KHJ-FKB (S.D. Miss. Feb. 9, 2023) (challenge to Rankin County conviction).

Pertinent here, on December 17, 2018, Chamber pleaded guilty in the Circuit Court of Madison County to uttering forgery. [22-1] at 1-9. On January 8, 2019, he was sentenced to five years, one to serve in MDOC custody and four years on probation. [22-2] at 1-4. The Judgment provided that the sentence imposed ran consecutively "to any and all other sentences." *Id.* at 3. In Rankin County, on May 6, 2019, Chamber was sentenced as a habitual offender to serve five years in MDOC custody for uttering forgery. [22-4] at 2. In Hinds County, on January 22, 2021,

Chamber was sentenced to a suspended five-year sentence and supervised probation. [22-5].

Chamber filed no motions for postconviction relief in the Circuit Court of Madison County. Respondent found no state appellate court records related to the Madison County Judgment. [22] at 1 n.2, 3. Having not responded to Respondent's Motion to Dismiss, Chamber has not asserted differently.

Chamber raised the following claim in the Amended § 2254 Petition: "I was given illegal alcohol and drug screen inside courtroom 5-6-2019 in Brandon, Mississippi by Judge Steve Rat[c]liff." [13] at 5. He alleged that "[t]he judge lock me back up 5-6-2019 back to MDOC when I just got parole 5-1-2019 and I been incarcerated ever[y] since than [R]ankin county." *Id.* at 6.

On October 17, 2022, Chamber was ordered to clarify whether he was challenging the Madison County conviction and sentence, and he responded "yes," listing three grounds for relief: (1) "I got sentence for 1 [year] to serve[ ] and 4 [years] probation non habitual and parole date 4-6-2019 on my time sheet"; (2) "Went to court in Rankin County Brandon, Miss. 5-6-2019, then put right back in prison for uttering forgery bank and DUI." and (3) "Incorrect time-sheet uttering forgery and never got my economic impact [stimulus] and checks[.]" [17] at 2.

On January 4, 2023, Respondent filed a Motion to Dismiss, arguing that the Petition was untimely because Chamber had until April 8, 2020 to file a §2254 petition challenging his plea and sentence in Madison County, yet he did not file his Petition until 2022. [22] at 9. Respondent asserted that Chamber was not entitled to

statutory or equitable tolling. *Id.* at 11-12. An Order [23] issued on March 2, 2023, requiring Chamber to file a response to the Motion to Dismiss. He did not file a response.

## II. DISCUSSION

A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for postconviction relief is pending in state court. *See Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019). "Additionally, a court may equitably toll limitations if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

B.  Analysis

After pleading guilty, Chamber was sentenced in Madison County on January 8, 2019. Under Mississippi law, there is no direct appeal from a guilty plea. Miss. Code. § 99-35-101. A Mississippi petitioner's guilty plea becomes final under the AEDPA ninety days after sentencing, when the time for seeking a writ of certiorari in the United States Supreme Court expires. *Wallace v. Mississippi,* 43 F.4th 482, 498 (5th Cir. 2022). The Madison County Judgment became final under the AEDPA on April 8, 2019 (January 8, 2019 plus ninety days). Absent statutory or equitable tolling,

Chamber had one year from April 8, 2019, or until April 8, 2020, to file a § 2254 petition challenging the Madison County Judgment.

Chamber is not entitled to tolling – neither statutory nor equitable. Chamber is not entitled to statutory tolling under 28 U.S.C.§2254(d)(2) because he did not file a motion for postconviction relief in the Circuit Court of Madison County. *See Wion v. Quarterman,* 567 F.3d 146, 148 (5th Cir. 2009) (finding only a "properly filed petition for State post-conviction or other collateral review" will toll limitations) (citing 28 U.S.C. § 2244(d)(2)). Chamber is not entitled to equitable tolling because he filed no response to Respondent's Motion to Dismiss and has not attempted to show that he diligently pursued his rights and that "rare and exceptional circumstances" prevented him from filing a timely § 2254 petition. *See United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Respondent's Motion to Dismiss [22] the Petition as time barred should be granted

### III. RECOMMENDATION

Respondent's Motion to Dismiss [22] should be granted and Chamber's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus dismissed with prejudice as time barred under 28 U.S.C. § 2244(d).

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven

>days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 4th day of April, 2023.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE